**BROCHSTEINS, INC., Plaintiff,**

v.

**WHITTAKER CORPORATION,
Defendant.**

**Civ. A. No. H–88–2634.**

United States District Court,
S.D. Texas,
Houston Division.

May 13, 1992.

Stephen D. Susman, F. Eric Fryar, Susman & Godfrey, Houston, Tex., for plaintiff.

Grant Cook, Beverly Mason, Keck, Mahin & Cate, Houston, Tex., for defendant.

**ORDER**

HITTNER, District Judge.

Pending before the Court are the cross motion for summary judgment (Document #107) filed by defendant Whittaker Corporation ("Whittaker") and the motion for partial summary judgment (Document #108) filed by plaintiff Brochsteins, Inc. ("Brochsteins"). On April 8, 1992, this Court held a pretrial conference in the above styled cause. During that conference both of the parties asked this Court to accept dispositive motions out of time for the specific purpose of resolving, as a matter of law, whether Whittaker could assert

certain defenses and affirmative claims relating to Brochsteins' breach of warranty claim. Having considered the motions on that limited subject, the summary judgment evidence on file, and the applicable law, the Court determines that Whittaker's cross motion for summary judgment should be denied and Brochsteins' motion for summary judgment should be granted.

An offer to make a contract invites acceptance "in any manner and by any medium reasonable in the circumstances" unless unambiguously indicated by the language or circumstances. Tex.Bus. & Com. Code Ann. § 2.206 (Vernon 1968). Thus, an oral offer to buy may be accepted by an oral promise to buy. Further, an oral contract for the sale of goods priced at $500.00 or more is enforceable if it is evidenced by a writing. Tex.Bus. & Com.Code § 2.201(a) (Vernon 1968) ("Statute of Frauds"). When parties reach an oral agreement and that agreement is "followed by one or both of the parties sending formal memoranda embodying the terms so far as agreed upon and adding terms not discussed," section 2.207 of the Texas Business & Commerce Code governs those additional terms. *See* Tex.Bus. & Com.Code Ann. § 2.207 uniform commercial code comment no. 1 (Vernon Supp.1992).

■ The facts of this case present this Court with a question of contract interpretation previously reserved by the Fifth Circuit. *See Reynolds Metals Co. v. Westinghouse Elec. Corp.*, 758 F.2d 1073, 1076 n. 5 (5th Cir.1985) (district court application of section 2.207 not implicated on appeal). The question presented to the lower court in *Reynolds*, which faces this Court, is how does § 2.207 apply when parties submit conflicting contract terms which are not conditions of acceptance. This Court is persuaded by the conclusion reached in *Reynolds* by United States District Judge Hayden W. Head, Jr. who held that section 2.207 required that all conflicting terms be stricken and replaced by those terms implied by the Code. *See Reynolds*, 758 F.2d at 1076. The comments to the Code support such a resolution. Comment 6 states that when a party submits a formal memo-randa adding terms which conflict with terms submitted by the other party in its formal memoranda, each party is deemed to have objected to that conflicting term. *See* Tex.Bus. & Com.Code Ann. § 2.207 uniform commercial code comment no. 6 (Vernon Supp.1992). "The contract then consists of the terms originally expressly agreed to, terms on which the confirmations agree, and terms supplied by this Act, including subsection (2)." *Id.*

■ Brochsteins has established through uncontroverted summary judgment evidence that there was a consistent course of dealing for transactions in which Brochsteins purchased the substance CAB–Curalac from Whittaker. A representative from Brochsteins would place a telephone order with a representative from Whittaker. The Whittaker representative would agree over the telephone to fill the order. This Court was presented no evidence that the Brochsteins representative indicated, unambiguously or otherwise, that the Whittaker oral agreement to fill the order was an insufficient acceptance of Brochsteins' oral offer to buy. Additionally, this Court was presented no evidence that Whittaker's oral acceptance was made conditional upon any additional terms. That parties have stipulated that for "[e]ach sale of CAB–Curalac [there existed] a written purchase order, with boilerplate terms on the reverse side, sent from Brochsteins to Whittaker; followed by a written acknowledgement or invoice form, with boilerplate terms on the reverse side, sent from Whittaker to Brochsteins; followed by shipment of the goods from Whittaker to Brochsteins and acceptance of the goods by Brochsteins." Joint Pretrial Order, Admission of Fact No. 5.

From the foregoing uncontroverted evidence, the Court determines that a contract for the sale of CAB–Curalac was formed when the Whittaker representative agreed over the telephone to fill the order which Brochsteins placed. The Court further determines that the Brochsteins purchase order and Whittaker invoice form evidence the oral contract as mandated by the Statute of Frauds. Additionally, the Brochsteins purchase order and Whittaker in-

voice form operate as proposals for additional terms of the contract. Therefore, this Court finds that the resultant contract consists of the terms originally expressly agreed to during the telephone conversation, the terms on which the Brochsteins purchase order and Whittaker invoice form agree, and terms supplied by operation of law.

Based upon the foregoing, it is

ORDERED Whittaker's cross motion for summary judgment (Document # 107) is DENIED. It is further ORDERED that Brochsteins' motion for partial summary judgment (Document # 108) is GRANTED.